IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,108-01






EX PARTE KENTON EDWARD CONNOR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1023493 IN THE 180TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was adjudicated guilty of theft and
sentenced to two years' imprisonment in a state jail facility. 

 Applicant contends, inter alia, that his counsel rendered ineffective assistance because 
counsel failed to timely file a notice of appeal after telling him that she would appeal the
adjudication. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). Though
counsel has already submitted affidavits in response to this application, in these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall provide
counsel with the opportunity to respond to Applicant's claim of ineffective assistance of counsel on
appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 Counsel filed affidavits responding to the application and stating that she explained the
"entire appellate process" to applicant and that applicant did not tell her that he wanted to appeal his
case. Counsel has a duty "to consult with and fully to advise his client concerning meaning and
effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity
of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his
professional judgment as to the possible grounds for appeal and their merit, and delineating
advantages and disadvantages of appeal." Ex parte Axel, 757 S.W.2d 369, 375 (Tex. Crim. App.
1988). The first step in discharging the Axel responsibilities requires the attorney to "ascertain
whether the defendant wishes to appeal." Jones v. State, 98 S.W.3d 700, 703 (Tex. Crim. App.
2003). The trial court has found that counsel explained the appellate process and that applicant did
not tell her he wanted to appeal. The trial court shall make additional findings of fact as to counsel's
discussion with applicant with respect to his appellate rights. Specifically, the trial court shall make
findings of fact as to whether counsel advised applicant of his right to appeal, whether counsel
ascertained whether applicant wished to appeal, and whether counsel told applicant she would
perfect appeal or file an appeal. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 45 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: January 13, 2010

Do not publish